UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUQRIS THOMPSON,<br>　　　　　　Plaintiff(s),<br>vs.<br>LAS VEGAS METROPOLITAN<br>POLICE DEPARTMENT, et al.,<br>　　　　　　Defendant(s). | Case No. 2:14-cv-01286-JAD-NJK<br><br>ORDER |

Pending before the Court is an emergency motion for protective order. Docket No. 71. The Court has received a response in opposition and a reply. Docket Nos. 73, 74. The Court hereby **SETS** a hearing on that motion for 9:00 a.m. on October 5, 2015, in Courtroom 3C. So that counsel can better prepare themselves, the Court hereby provides the following guidance in advance of that hearing.[1]

Mr. Sweetin's motion is premised on the deliberative process privilege.[2] Federal privilege law applies to claims involving federal questions. *See, e.g.*, *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1009 (9th Cir. 1996) (citing Fed. R. Evid. 501). Federal law also applies to issues of privilege

---

[1] The Court herein expresses no opinion regarding the underlying motion.

[2] The motion also mentions the work-product doctrine, but does not develop arguments as to that doctrine separate from the discussion of the deliberative process privilege. *See, e.g.*, Docket No. 71 at 3-4. Similarly, the reply mentions the work-product doctrine in passing without any meaningful development. *See* Docket No. 74 at 2. Accordingly, the applicability of the work-product doctrine is not properly before the Court and it will not entertain any oral argument on that issue. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

related to pendent state law claims. *See, e.g.*, *Montgomery v. eTreppid Techs., LLC*, 548 F. Supp. 2d 1175, 1179 (D. Nev. 2008) (citing *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005)). As such, federal law governs the privilege analysis now before the Court.

Federal law recognizes the deliberative process privilege, including in the context of government deliberations related to a criminal prosecution. *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) (applying doctrine to a form and memorandum created by a federal prosecutor regarding decision whether to seek the death penalty). Under this privilege, the government may withhold documents that "reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *FTC v. Warner Comm'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)).[3] The purpose of the privilege is "to promote frank and independent discussion among those responsible for making governmental decisions and also to protect against premature disclosure of proposed . . . policies or decisions." *Id.* In order to be protected by the deliberative process privilege, "a document must be both (1) 'predecisional' or 'antecedent to the adoption of agency policy' and (2) 'deliberative,' meaning 'it must be actually related to the process by which policies are formulated.'" *Fernandez*, 231 F.3d at 1246 (quoting *National Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988)). "[A] document is predecisional if it was prepared in order to assist an agency decisionmaker in arriving at his decision, and deliberative if its release would expose an agency's decisionmaking process in such a way as to discourage candid discussion with the agency and thereby undermine the agency's ability to perform its functions." *Hongsermeier v. C.I.R.*, 621 F.3d 890, 904 (9th Cir. 2010) (quoting *Carter v. U.S. Dept. Of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (internal citations omitted)). The burden of establishing the applicability of the deliberative process privilege is on the party opposing discovery. *Newport Pacific Inc. v. County of San Diego*, 200 F.R.D. 628, 636 (S.D. Cal. 2001).

---

[3] While the case law generally references withholding decisional "documents," this privilege has been applied in the context of deposition testimony. *See, e.g.*, *U.S. E.E.O.C. v. Pinal County*, 714 F. Supp. 2d 1073, 1077-78 (S.D. Cal. 2010).

The deliberative process privilege does not apply to factual material that does not reveal the deliberative process. *See, e.g.*, *National Wildlife Federation*, 861 F.2d at 1117. The privilege protects the expression of opinions or recommendations, but not purely factual information. *Newport Pacific*, 200 F.R.D. at 637. Nonetheless, materials that contain unprotected facts and evidence are nonetheless protected if "that factual material is so interwoven with the deliberative material that it is not severable." *Fernandez*, 231 F.3d at 1247.

Even when the deliberative process privilege applies, the privilege is a qualified one and the materials will be disclosed if a litigant's need for the materials and the need for accurate fact-finding outweigh the government's interest in confidentiality. *Warner Communications*, 742 F.3d at 1161. In making that determination, courts look to several factors, including: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *Id.* Additionally, courts have also looked to (5) the interest of the litigant, and, ultimately society, in accurate judicial fact finding; (6) the seriousness of the litigation and the issues involved; (7) the presence of issues concerning alleged governmental misconduct; and (8) the federal interest in enforcement of federal law. *North Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003). The deliberative process privilege should be "strictly confined within the narrowest possible limits consistent with the logic of its principles." *Id.*

The briefing on the pending motion does not sufficiently develop the prospective testimony at issue such that the Court can apply the above standards. Instead, the briefing paints the deposition testimony with a very broad brush. *See, e.g.*, Docket No. 71 at 2 ("It is counsel's understanding that Plaintiff seeks CDDA Sweetin's testimony regarding his communications with representatives of the Las Vegas Metropolitan Police Department during the course of the District Attorney's prosecution of the Plaintiff as pertinent to the Complaint on file in this matter"); Docket No. 73 at 2 (deposition questions will "inquire, *inter alia*, concerning Mr. Sweetin's discussions with individuals from LVMPD and why Mr. Thompson was prosecuted prior to his co-defendant[], Jamey Manning"). The only information available to the Court as to the nature of the deposition testimony is that it will include, but not necessarily be limited to, questions concerning (1) communications between Mr. Sweetin and

1  LVMPD officers and (2) the decision regarding the order in which to prosecute the co-defendants. It
2  certainly appears that some of the testimony may be factual in nature (and not protected by the privilege),
3  and that some of the testimony may be deliberative in nature (and protected by the privilege only to the
4  extent the above factors do not outweigh the interest in confidentiality). But the Court cannot render
5  an opinion about the deposition testimony generally without more specifics regarding the testimony that
6  will actually be sought during the deposition.

7  The Court will hear oral argument on the motion generally. But counsel shall ensure that they
8  are prepared to address (1) the above standards, (2) the particular issues that will be raised during the
9  deposition (and how the standards apply to each particular issue), and (3) whether the better course is
10 for the parties to conduct the deposition and lodge any particular objections, and return to the Court with
11 a more complete record of the testimony sought in the event that any dispute remains.

12 IT IS SO ORDERED.
13 DATED: October 2, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge